SIOUX VALLEY HOSPITAL ASSOCIA-
TION, A Charitable Corporation,
Plaintiff and Appellant,

v.

BON HOMME COUNTY, South Dakota,
Defendant and Appellee.

No. 13576.

Supreme Court of South Dakota.

Argued Oct. 12, 1982.

Decided March 9, 1983.

Charles D. Gullickson of Davenport, Ev-
ans, Hurwitz & Smith, Sioux Falls, for
plaintiff and appellant; Edwin E. Evans of
Davenport, Evans, Hurwitz & Smith, Sioux
Falls, on brief.

R. James Zieser, Bon Homme County
State's Atty., Tyndall, for defendant and
appellee.

WOLLMAN, Justice.

This is an appeal by Sioux Valley Hospi-
tal from a judgment entered in favor of
Bon Homme County, appellee. We reverse
and remand.

Appellant brought this action to recover
$8,040.31, the balance due for the hospital-
ization of Renae Kocourek, now deceased,
who resided in Bon Homme County. Ap-
pellant claims that Mrs. Kocourek was indi-
gent and that appellant is therefore entitled
to reimbursement from the county under
the poor relief laws, SDCL ch. 28–13. Af-
ter appellant had presented its case, the
trial court concluded that a directed verdict
in favor of appellee was proper because the
indigency and emergency requirements of
the poor relief laws had not been satisfied.
See SDCL 28–13–33.

Since this case was tried to a court with-
out a jury, the motion granted by the court
was in reality a motion for dismissal under
SDCL 15–6–41(b) rather than a motion for
directed verdict. *Wefel v. Westin,* 329
N.W.2d 624 (S.D.1983). As we said in the
*Wefel* case:

When a court dismisses an action, the
court must make findings of fact and
conclusions of law pursuant to SDCL 15–
6–52(a). The court's dismissal of the ac-
tion operates as an adjudication upon the
merits. SDCL 15–6–41(b). Since the dis-
missal operates as an adjudication upon
the merits, on appeal this court reviews
the findings of fact under the "clearly
erroneous" standard. 5 Moore's Federal
Practice § 41.13[4] at 41–196 to 198. The
conclusions of law are reviewed under the
usual, "clearly in error as a matter of
law."

329 N.W.2d at 626.

Because the trial court entered no find-
ings of fact and conclusions of law, we must
remand the case so that the trial court may
do so.

The case is remanded to the circuit court
for the entry of findings of fact and conclu-
sions of law.

All the Justices concur.